STATE OF MICHIGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KELLY ASHFORD-PORTER, SEAN BRISTER,
LYNDA HOWARD and ELIZABETH JEUP,

    Plaintiffs,

v.

MICHIGAN BELL TELEPHONE COMPANY, a
Michigan Corporation d/b/a AT&T,

    Defendant.

Case No:

Hon.

_____/

EDWARDS & JENNINGS, P.C.
Carl R. Edwards (P24952)
Attorney for Plaintiff
Cadillac Tower Building
65 Cadillac Square, Suite 2710
Detroit, MI 48226
(313) 961-5000

_____/

    **A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in U.S. District Court, Eastern District of Michigan. The docket number and assigned judge of the civil action are: 2:14-cv-11934-LJM-MJH, Judge Laurie J. Michelson. The action remains pending.**

## COMPLAINT

    NOW COMES KELLY ASHFORD-PORTER, SEAN BRISTER, LYNDA HOWARD and ELIZABETH JEUP, by and through their attorneys, EDWARDS & JENNINGS, P.C., by CARL R. EDWARDS, and for their Complaint against Michigan Bell Telephone Company d/b/a AT&T, state as follows:

## JURISDICTION AND VENUE

1. Plaintiffs Kelly Ashford-Porter and Sean Brister are residents of Port Huron, Michigan; Plaintiff Lynda Howard is a resident of Marysville, Michigan; and Plaintiff Elizabeth Jeup is a resident of Fort Gratiot, Michigan.

2. Plaintiffs Kelly Ashford-Porter, Sean Brister, Lynda Howard and Elizabeth Jeup were at all times relevant to their Complaint employed by Defendant, Michigan Bell Telephone Company d/b/a AT&T (hereinafter referred to as "Michigan Bell"), located in Port Huron, Michigan.

3. This Court has federal jurisdiction pursuant to 29 U.S.C. 2601, et seq. the Family Medical Leave Act (FMLA) and diversity jurisdiction under 42 USC 1332 for the PersonsWith Disabilities Civil Rights Act (PWDCRA), MCL 37.1101, et. seq.

## PLAINTIFF KELLY ASHFORD-PORTER
## VIOLATION OF FAMILY MEDICAL LEAVE ACT

4. Plaintiff Kelly Ashford-Porter reinstates and incorporates paragraphs 1-3, word for word as though fully set forth herein.

5. Plaintiff Kelly Ashford-Porter was initially hired by Defendant Michigan Bell in 1995; she was an hourly, non-management employee.

6. In 2001 Plaintiff Kelly Ashford-Porter was promoted to 1st Level Manager in the position of Coach Leader.

7. In November 2011 Plaintiff Kelly Ashford-Porter was again promoted; this time as a 2nd Level Manager in the position of Acting Center Sales Manager. In this assignment both Plaintiff Kelly Ashford-Porter and Sean Brister were Center Sales Managers of Defendant Michigan Bell's Port Huron, Michigan Center.

8. General Manager Geoffrey Lee was Plaintiff Kelly Ashford-Porter's immediate superior, with management responsibility, over Defendant Michigan Bell's Port Huron Center; General Manager Lee was also responsible for overseeing several additional Michigan Bell operation centers in several states.

9. At the end of her 2011 annual job performance rating period Plaintiff Kelly Ashford-Porter received the following job performance rating: 1) Business Results Rating: "Meets or meets most"; 2) Leadership Rating: "Effective"; 3) Overall Performance Rating: "Meets or meets most".

10. Defendant Michigan Bell General Manager Geoffrey Lee **ordered** Port Huron Center Sales Manager Plaintiff Kelly Ashford-Porter, Plaintiff Port Huron Center Sales Manager Sean Brister, 1st Level Managers Plaintiffs Lynda Howard and Elizabeth Jeup, as well as several additional Port Huron 1st Level Managers, to target hourly Michigan Bell employees who were on FMLA disabilities and medical leaves of absences that had been approved by Defendant Michigan Bell for termination and/or to place pressure on these employees to force them to resign their employment.

11. Defendant Michigan Bell General Manager Geoffrey Lee **ordered** Plaintiff Kelly Ashford-Porter, Plaintiff Sean Brister, Plaintiffs Lynda Howard and Elizabeth Jeup and several other 1st Level Managers to target Michigan Bell hourly employees who were on medical disabilities, FMLA disabilities and medical leaves of absences for termination because, notwithstanding the fact these employees were on medical leaves of absences lawfully approved by their employer Defendant Michigan Bell, their medical leaves of absences would count against the Defendant's Port Huron Center and lower its overall performance rating and ranking.

3

12. In addition, since the overall ranking of the Defendant's Port Huron Center was directly tied to its performance metrics in several categories, the job performance rankings for 2nd Level Plaintiff Center Sales Manager Kelly Ashford-Porter and Center Sales Manager Sean Brister as well as all 1st Level Managers, including Plaintiffs Lynda Howard and Elizabeth Jeup, was based on the overall rating of Defendant's Port Huron Center.

13. Further, in an effort to make Defendant Michigan Bell's Port Huron Center metrics appear more favorable than was actually the case, General Manager Geoffrey Lee would also **order** Plaintiff Center Sales Manager Kelly Ashford-Porter, Plaintiff Center Sales Manager Sean Brister, as well as the 1st Level Managers, including Plaintiffs Lynda Howard and Elizabeth Jeup, to practice unethical and deceptive practices when selling its products to Michigan Bell customers.

14. Plaintiff Center Sales Manager Kelly Ashford-Porter **opposed** Defendant Michigan Bell General Manager Geoffrey Lee's **orders** to target Michigan Bell employees who were on lawfully approved medical disabilities, FMLA disabilities and medical leaves of absences for termination and/or to place pressure on them to force their resignation; Plaintiff also opposed Geoffrey Lee's **orders** to engage in unethical and deceptive sales practices in her dealings with Michigan Bell customers; as a result, General Manager Geoffrey Lee retaliated and discriminated against Plaintiff Kelly Ashford-Porter.

15. In May 2011, 1st Level Manager, Plaintiff Elizabeth Jeup, filed an internal complaint with Defendant Michigan Bell's Human Resources and EEO representative after she was forced to resign her employment by supervisors Cheryl Keeling and Geoffrey Lee; in her complaint Plaintiff Ms. Jeup made Defendant's representatives aware that General Manager Geoffrey Lee and her supervisor Cheryl Keeling had **ordered** her to target employees with

4

disabilities who were lawfully on company approved FMLA disabilities and medical leaves of absences for removal from the company; however no action was taken by Defendant Michigan Bell against General Manager Geoffrey Lee for his unlawful behavior.

16. Similarly, in April/May 2013, after Plaintiff Lynda Howard was forced to resign by Geoffrey Lee because she refused to target employees with medical disabilities who were on company approved FMLA disabilities and medical leaves of absences for termination and/or to place pressure on these employees to force them to quit as well because Plaintiff Lynda Howard refused to engage in unethical and deceptive sales practices.

17. Defendant Michigan Bell General Manager Geoffrey Lee used Defendant's job performance rating system as a pretext to cover up his violation of Plaintiff Kelly Ashford-Porter's rights protected by the Family Medical Leave Act, 29 USC §2615(a); and 29 C.F.R. §825.220(a)(2); and the Persons With Disabilities Civil Rights Act, MCL 37.1101, et. seq.

18. Plaintiff Kelly Ashford-Porter was given a job performance rating of "Does not meet" for the year 2012 by General Manager Geoffrey Lee.

19. Based on this 2012 overall job performance rating given by General Manager Geoffrey Lee, Lee advised Plaintiff Kelly Ashford-Porter that she should take a demotion with a loss in salary from her position as a Level 2 Center Sales Manager back to a 1st Level Manager, Coach.

20. Further, General Manager Geoffrey Lee warned Plaintiff Kelly Ashford-Porter that if she failed to take the demotion back to a 1st Level Manager and instead elected to remain as a Level 2 Manager in the position as Port Huron Center Sales Manager, he did not see her being successful due to the path he would take Plaintiff down and she would not like the results.

5

21. Examples that support pretext include but were not limited to the following: 1) Plaintiff Kelly Ashford-Porter increased nearly all the measurable metrics for Defendant Michigan Bell's Port Huron Center during the 2012 rating year over the previous year, 2011; 2) Plaintiff Kelly Ashford-Porter had never received a negative Performance Evaluation prior to 2012 in her eighteen (18) years of employment with Defendant Michigan Bell; 3) in addition the performance metrics for Defendant's Port Huron Center were greater during the 2012 year Plaintiff Kelly Ashford-Porter was Center Sales Manager as compared with her replacement for the following year 2013; 4) and yet her replacement was not demoted; 5) in 2013 Plaintiff was again given an overall job performance rating: "Does not meet", as she had in 2012, despite the fact that she had knee surgery and was on an approved medical leave of absence; this rating was a violation of Defendant Michigan Bell's employment policy; 6) on a previous occasion when General Manager Geoffrey Lee demoted a Level 2 Manager from his Level 2 position due to misconduct involving willful violations of Michigan Bell's Corporate Code of Conduct, Lee did not reduce his salary; 7) in addition another low performing 1st Level Manager at the Port Huron Center, who received a "Does not meet", was on a Performance Improvement Plan and ranked near or at the bottom out of all nine (9) 1st Level Managers at Defendant's Port Huron Center, was given a new position as Force Manager at Defendant's Port Huron Center without the job ever being posted; in contrast Plaintiff Kelly Ashford-Porter was prevented from bidding on any new management jobs because Michigan Bell's policy prevents a manager who receives a "Does not meet", annual job performance rating from bidding on a new job.

WHEREFORE, Plaintiff Kelly Ashford-Porter requests all damages allowable under Family Medical Leave Act, federal law, including reinstatement to her position as a Level 2 Manager for Defendant Michigan Bell Telephone Company's intentional retaliation and

6

discrimination of her rights protected by the Family Medical Leave Act federal law; Plaintiff also requests all damages provided by Persons With Disabilities Civil Rights Act, state law, including reinstatement to her position as Level 2 Manager.

## PLAINTIFF SEAN BRISTER
## VIOLATION OF FAMILY MEDICAL LEAVE ACT
## AND PERSONS WITH DISABILITIES ACT

22. Plaintiff Sean Brister restates and incorporates paragraphs 1-21, word for word, as though fully set forth herein.

23. Plaintiff Sean Brister began her employment with Defendant Michigan Bell in 1998 when she was hired part-time as a Telemarketing Specialist. In 1999 Plaintiff Brister was moved laterally to full-time as a Telemarketing Specialist.

24. In January 2000, Plaintiff Sean Brister was promoted to 1st Level Manager in the position of Coach Leader. She remained in this position until January 2005. In this position she had approximately eighteen (18) to twenty(20) employees reporting to her.

25. In January 2005 Plaintiff Sean Brister was promoted to a 2nd Level Manager in the position of Center Sales Manager. In this position she had approximately one hundred twenty (120) employees reporting to her.

26. In February 2013 Plaintiff Sean Brister was constructively discharged by her immediate superior, General Manager Geoffrey Lee.

27. Prior to her constructive discharge in February 2013, Plaintiff Sean Brister, as Center Sales Manager, worked directly under the supervision of General Manager Geoffrey Lee from 2009-2013.

28. On several occasions during the period of time (2009-2013) that Plaintiff Sean Brister worked under the direct supervision of General Manager Geoffrey Lee, Lee gave Plaintiff

the **directive** to target employees under her supervision, with disabilities, who were on lawful Family Medical Leave Act (FMLA) disabilities and medical leaves of absences, for termination and/or place enough pressure on these employees to force them to resign their employment.

29. In addition, General Manager Geoffrey Lee and/or one of his direct reports, gave the same **directive**, on several occasions, to 1st Level Managers, including Plaintiffs Lynda Howard and Elizabeth Jeup, who reported directly to either Plaintiff Port Huron Center Sales Manager Sean Brister and/or Plaintiff Port Huron Center Sales Manager Kelly Ashford-Porter and/or 2nd Level Manager Cheryl Keeling, to target hourly employees under their supervision for termination who had medical disabilities and were on lawfully approved FMLA disabilities and medical leaves of absences by their employer, Michigan Bell Telephone Company, and/or place enough pressure on the employees to force them to resign their employment; and further Lee **ordered** Plaintiff Brister to engage in deceptive and unethical practices when selling Michigan Bell products to Michigan Bell customers.

30. In giving both Port Huron Center Sales Manager Plaintiff Sean Brister, Port Huron Center Sales Manager Kelly Ashford-Porter and the 1st Level Managers under their direct supervision, the **order** to target employees on lawfully approved FMLA disabilities and medical leaves of absences by their employer Michigan Bell Telephone Company for termination and/or place enough pressure on these employees that they would resign their employment, and to engage in unethical and deceptive sales practices, General Manager Geoffrey Lee was careful to largely give a verbal directive and would seldom place anything in writing.

31. Rather, General Manager Geoffrey Lee would use code words. For example, on February 7, 2013, during a discussion with Plaintiff Sean Brister, he referred to Michigan Bell Telephone hourly employees who were on lawfully approved FMLA disabilities and medical

8

leaves of absences as "Island people." He further stated to Plaintiff that if she was on an island with her employment team and was being rescued, who would she take with her and what people would she leave behind? Geoffrey Lee referred to the employees on lawful employer approved FMLA disabilities and medical leaves of absences as the "Island people" who would not be rescued and instead left behind.

32. However, this verbal **directive** did not begin with Michigan Bell Telephone Company General Manager Geoffrey Lee. Plaintiff Ms. Brister was given the identical **directive** to target Michigan Bell Telephone Company hourly employees lawfully on FMLA disabilities and medical leaves of absences by their employer, Defendant Michigan Bell Telephone Company, for termination and/or to place pressure on the employees with disabilities, to force them to resign by Geoffrey Lee's immediate predecessor, General Manager Jason Leiker; additionally, Plaintiff Ms. Brister was given this identical **directive** by General Manager Geoffrey Lee's Assistant, Frank Mayberry.

33. Plaintiff Sean Brister **opposed** General Manager Geoffrey Lee's **directive** to target Michigan Bell Telephone Company employees with disabilities who were on FMLA disabilities and medical leaves of absences for termination and/or place pressure on the employees to force them to resign; similarly she opposed his **directive** to engage in deceptive and unethical practices when selling Michigan Bell products to Michigan Bell customers.

34. General Manager Geoffrey Lee intentionally retaliated against Plaintiff Sean Brister because of her **opposition** to his unlawful actions **directing** Plaintiff to target Michigan Bell Telephone Company hourly employees with disabilities lawfully on FMLA disabilities and medical leaves of absences approved by their employer Michigan Bell Telephone Company for

termination and/or to force them to quit as well as her opposition to engage in unethical and deceptive sales practices.

35. Defendant Michigan Bell Telephone Company General Manager Geoffrey Lee's action constructively discharging Plaintiff Sean Brister in retaliation for her **opposition** to Lee's **directive** to terminate and/or place pressure on Defendant Michigan Bell Telephone Company employees lawfully with disabilities, on FMLA disabilities and medical leaves of absences to force them to resign, violates Plaintiff's rights protected by Family Medical Leave Act, 29 USC §2615(a); and 29 C.F.R §825.220(a)(2), and the Persons With Disabilities Civil Rights Act, MCL 37.1101, et. seq.

WHEREFORE, Plaintiff Sean Brister requests all damages allowable under Family Medical Leave Act, federal law, including reinstatement to her position as a Level 2 Manager for Defendant Michigan Bell Telephone Company's intentional retaliation and discrimination of her rights protected by the Family Medical Leave Act; Plaintiff also requests all damages provided by Persons With Disabilities Civil Rights Act, state law, including reinstatement to her position as Level 2 Manager.

### PLAINTIFF LYNDA HOWARD
### VIOLATION OF FAMILY MEDICAL LEAVE ACT AND
### PERSONS WITH DISABILITY CIVIL RIGHTS ACT

36. Plaintiff Lynda Howard restates and incorporates paragraphs 1-35, word for word, as though fully set forth herein.

37. Plaintiff Lynda Howard begin her employment with Defendant Michigan Bell in March 1991 as an hourly employee.

38. Four years later Plaintiff Ms. Howard was promoted to the position of 1st Level Sales Manager.

39. After twenty-two (22) years of successful employment with Defendant in February/March 2013 Plaintiff Howard was forced to resign her employment by Michigan Bell General Manager Geoffrey Lee.

40. In or about February/March 2013 during a conversation with Geoffrey Lee to discuss her job performance, General Manager Lee asked Plaintiff Ms. Howard how much longer she intended to work. When she responded "five (5) to six (6) years", Lee stated he did not see that happening.

41. Further, during the February/March 2013 meeting Defendant General Manager Geoffrey Lee told Plaintiff Lynda Howard that **"she did not execute the plan"** therefore if she chose to remain as an employee he would have her manager Plaintiff Kelly Ashford-Porter place her on a Performance Improvement Plan that she would not be successful at completing and he would have her gone from the company in thirty (30) to sixty (60) days.

42. General Manager Geoffrey Lee's stated business reason for forcing Plaintiff Ms. Howard to resign her employment after twenty-two (22) years allegedly due to performance deficiencies was a pretext to cover up Plaintiff's opposition to her supervisor's **orders** to target employees with disabilities who were on company approved FMLA disabilities and medical leaves of absence for termination and/or to place pressure on these employees to force them to quit because other 1st Level Managers with lower job performance rankings than Plaintiff, Ms. Howard, were not forced to resign by Geoffrey Lee.

43. As a result of this meeting with her General Manager Geoffrey Lee, Plaintiff Lynda Howard used her remaining vacation days and returned to the office in April and completed her retirement papers and separated her employment with Defendant.

44. Plaintiff Lynda Howard filed an internal complaint with the EEO representative reporting in part that General Manager Geoffrey Lee **ordered** her to target employees with disabilities who were on company approved FMLA leaves of absences for termination and/or to place pressure on these employees to force them to quit; however her Michigan Bell Human Resources representative advised Plaintiff that she had not been treated unjustly.

45. During Plaintiff Lynda Howard's twenty-two (22) year career with Defendant Michigan Bell she was never given any disciplinary action.

46. Prior to Plaintiff, Ms. Howard's forced termination and constructive discharge she stated to her 2nd Level Manager Kelly Ashford-Porter, in 2011 and again in 2012, that she felt that her supervisors were **ordering** her to violate the law and she would not do this.

47. Further in January 2013, approximately two (2) months **before** her forced resignation by General Manager Geoffrey Lee, Plaintiff Ms. Howard, during a conversation with Frank Mayberry, Assistant to General Manager Geoffrey Lee, after Mayberry again told Plaintiff to **target** the "Island people," employees with disabilities on FMLA disabilities and medical leaves of absences, Plaintiff Ms. Howard stated to Mayberry that she felt he was **directing** her to violate the law and she would not do this.

48. Prior to her forced resignation and constructive discharge Defendant Michigan Bell General Manager Geoffrey Lee also **directed** Plaintiff Lynda Howard to engage in unethical and deceptive sales practices when selling Michigan Bell products to their customers.

49. General Manager Geoffrey Lee's actions in forcing Plaintiff Lynda Howard to resign her employment was also in retaliation because of her refusal to engage in unethical and deceptive sales practices that were also unlawful and violated Defendant's Corporate Business Code of Conduct.

12

50. Defendant General Manager Geoffrey Lee's actions violate Plaintiff's rights protected by the Family Medical Leave Act, 29 USC §2615(a); and 29 C.F.R §825.220(a)(2); and the Persons With Disabilities Civil Rights Act, MCL 37.1101, et. seq.

WHEREFORE, Plaintiff Lynda Howard, requests all damages allowable under both federal and state law including reinstatement to her 1st Level Manager position, because of Defendant Michigan Bell Telephone Company's intentional violations of her rights protected by the Family Medical Leave Act and the Persons With Disabilities Act.

### PLAINTIFF ELIZABETH JEUP
### VIOLATION OF FAMILY MEDICAL LEAVE ACT
### AND PERSONS WITH DISABILITIES ACT

51. Plaintiff Elizabeth Jeup restates and incorporates paragraphs 1-50, word for word, as though fully set forth herein.

52. Plaintiff Elizabeth Jeup started her employment with Defendant Michigan Bell in 1999 as an hourly employee.

53. In June 2002, Plaintiff Ms. Jeup was promoted to the 1st Level Sales Manager's position.

54. In 2006 Plaintiff Elizabeth Jeup became a Process Manager; she remained in that position until 2008 when the job was eliminated.

55. In 2008 Plaintiff Ms. Jeup returned to the position as 1st Level Sales Manager.

56. On or about August 15, 2011, Plaintiff Elizabeth Jeup was forced to resign her employment and was constructively discharged by her Level 2 Center Sales Manager Cheryl Keeling.

57. Prior to her constructive discharge Plaintiff Ms. Jeup was **directed** on several occasions by her immediate supervisor, Port Huron Center Sales Manager Cheryl Keeling, as

well as Ms. Keeling's boss, General Manager Geoffrey Lee, to target Defendant Michigan Bell hourly employees with disabilities and/or on company approved FMLA disabilities and medical leaves of absences for either termination and/or force the employees to quit their employment.

58. In addition Plaintiff's supervisors **directed** Ms. Jeup to engage in unethical and deceptive sales practices when selling products to Michigan Bell customers.

59. Plaintiff Ms. Jeup **refused** to target employees with disabilities who were on company approved FMLA disabilities and medical leaves of absences; further Plaintiff Ms. Jeup refused to engage in unethical and deceptive practices and further refused to instruct employee under her supervision to engage in unethical sales practices when selling Michigan Bell products to customers.

60. In 2011 Sales Manager Cheryl Keeling began subjecting Plaintiff, Ms. Jeup, to relentless harassment, verbal abuse, bad treatment in front of Plaintiff's peers on a daily basis because of Plaintiff's **opposition** to target Michigan Bell employees with disabilities who were on company approved FMLA disabilities and medical leaves of absences and Plaintiff's **opposition** to engage in unethical and deceptive selling practices to Michigan Bell customers.

61. Plaintiff Elizabeth Jeup went to General Manager Geoffrey Lee, and reported the hostile, abusive treatment she received by her supervisor, Cheryl Keeling.

62. Plaintiff Ms. Jeup requested General Manager Lee transfer her to a different supervisor, someone other than Cheryl Keeling.

63. General Manager Geoffrey Lee refused Plaintiff's request to be transferred away from the supervision of Ms. Keeling; as a result Plaintiff resigned her employment.

64. Plaintiff Elizabeth Jeup filed an internal complaint with Defendant Michigan Bell Human resource and/or EEO, advising a Michigan Bell representative of the **orders** from her

supervisors Cheryl Keeling and Geoffrey Lee to target employees with disabilities on company approved FMLA disabilities and medical leaves of absences for termination and/or to force employees to quit their employment; however no action was taken on Plaintiff's internal complaint.

65. Defendant Michigan Bell Port Huron Center Sales Manager Cheryl Keeling and General Manager Geoffrey Lee's actions in forcing Plaintiff Elizabeth Jeup to resign her employment was a constructive discharge and intentional retaliation because of for Plaintiff Ms. Jeup's **opposition** to Geoffrey Lee and Cheryl Keeling's **directive** to terminate and/or place pressure on employees with disabilities who were on Defendant Michigan Bell approved FMLA disabilities and medical leaves of absences to quit their employment; in addition Plaintiff's forced resignation was also because of Ms. Jeup's failure to engage in unethical and deceptive sales practices.

65. Defendant's Center Sales Manager Cheryl Keeling and General Manager Geoffrey Lee's actions violate Plaintiff's rights protected by the Family Medical Leave Act, 29 USC §2615(a); and 29 C.F.R §825.220(a)(2); and the Persons With Disabilities Civil Rights Act, MCL 37.1101, et. seq.

WHEREFORE, Plaintiff Elizabeth Jeup requests all damages allowable under federal and state law including reinstatement for Defendant Michigan Bell Telephone Company's intentional retaliation under the Family Medical Leave Act and the Persons With Disabilities Civil Rights Act.

EDWARDS & JENNINGS, P.C.

By\_\_\_\_/s/ Carl R. Edwards_____
CARL R. EDWARDS (P24952)
Attorney for Plaintiffs

Dated: May 15, 2014

STATE OF MICHIGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KELLY ASHFORD-PORTER, SEAN BRISTER,
LYNDA HOWARD and ELIZABETH JEUP,

    Plaintiffs,

v.

MICHIGAN BELL TELEPHONE COMPANY, a
Michigan Corporation d/b/a AT&T,

    Defendant.

Case No:

Hon.

_____/

EDWARDS & JENNINGS, P.C.
Carl R. Edwards (P24952)
Attorney for Plaintiff
Cadillac Tower Building
65 Cadillac Square, Suite 2710
Detroit, MI 48226
(313) 961-5000

_____/

## JURY DEMAND

NOW COME Plaintiffs, KELLY ASHFORD-PORTER, SEAN BRISTER, LYNDA HOWARD and ELIZABETH JEUP by and through their attorneys, EDWARDS & JENNINGS, P.C., by Carl R. Edwards, and hereby demand a trial by jury in this matter.

                      EDWARDS & JENNINGS, P.C.

                      By    /s/ Carl R. Edwards
                            CARL R. EDWARDS (P24952)
                            Attorney for Plaintiffs
                            65 Cadillac Square, Suite 2710
                            Cadillac Tower Building
                            Detroit, MI 48226

Dated: May 15, 2014            (313) 961-5000